UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIIX, LLC,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NUTRISEARCH CORPORATION, *et al.*,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 17-cv-00320-LAB-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE**<br><br>[ECF No. 15] |

Before the Court is a motion filed by Plaintiff Ariix, LLC ("Plaintiff"), on June 6, 2017, to compel Defendants to participate in a discovery conference under Federal Rule of Civil Procedure 26(f). (ECF No. 15.) Defendant NutriSearch Corporation and Lyle MacWilliam ("Defendants") filed an Opposition to Plaintiff's Motion on June 14, 2017. (ECF No. 16.) Subsequently, on June 21, 2017, Plaintiff filed a Reply in support of their motion. (ECF No. 17.) For the reasons discussed below, Plaintiff's request is **DENIED**.

## I. BACKGROUND

Plaintiff filed a Complaint against Defendants on February 16, 2017. (ECF No. 1.) The Complaint alleges False Advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a). (*Id.*) Defendants filed a Motion to Dismiss or Stay the Proceedings on

March 8, 2017. (ECF No. 5.) In their Motion, Defendants state: "(1) consumer reports are exempt from the Lanham Act in these circumstances, and (2) the first-filed Canadian complaint is a more convenient forum and (3) the doctrine of international abstention dictates that the case should be stayed or dismissed." (*Id*. at 4.)

## II. DISCUSSION

### A. Parties' Arguments

This dispute between the parties arises from a discovery scheduling issue. Plaintiff filed the present Motion to Compel Defendants to participate in a Discovery Conference under Rule 26(f) to allow Plaintiff to proceed with discovery. (ECF No. 15.) Plaintiff's Motion asserts that discovery is not stayed pending a Motion to Dismiss. (*Id*. at 3.) Plaintiff further asserts that since the Defendants have not requested a stay of discovery, they must participate in a Rule 26(f) conference now. (*Id*. at 6.)

In their Opposition to Plaintiff's Motion to Compel, Defendants state that the Rule 26(f) Conference does not occur until after the Early Neutral Evaluation ("ENE") takes place. (ECF No. 16 at 2.) Defendants also state that Plaintiff lacks good cause to start discovery early. (*Id*. at 3.)

### B. Standard of Review and Analysis

Federal Rule of Civil Procedure 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." A Rule 26(f) conference is to be held "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). However, Rule 16(b) allows the judge to delay issuance of a scheduling order (and consequently the Rule 26(f) conference) if good cause for delay is found. Fed. R. Civ. P. 16(b). In this case, a Rule 26(f) conference had not yet been ordered, and discovery had not officially commenced in light of the Court's Civil Local Rule 16.1.a.1, which finds good cause to adjust the timing for issuing a scheduling order in order to accommodate

this district's Early Neutral Evaluation (ENE) procedure. In addition, our Local Rules provide that "[a]t the discretion of a judge assigned to the case, ENE and case management conferences need not be set in … [c]ases in which a substantial number of defendants have not answered." Civ. L.R. 16.1.e. Here, Defendants have not filed an answer, and a motion to dismiss is before the Court. As there has been no answer filed, the Court has not scheduled an ENE and the parties have not been given a timetable or directed to proceed under Rule 26(f). As such the Court finds good cause for the delay in scheduling the Rule 26(f) conference until the answer has been filed. *See* Civ. L.R. 16.1.

Further, the Ninth Circuit has held that the purpose of the 12(b)(6) motion is to challenge the legal sufficiency of a complaint before engaging in extensive discovery. *Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (explaining, "[i]t is a sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery."). The Court concurs, and therefore finds that the issues raised in the motion to dismiss should be resolved before the Plaintiff's discovery requests.

### III. CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion to Compel a Rule 26(f) Conference.

**IT IS SO ORDERED.**

Dated: September 22, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge