UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIIX, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NUTRISEARCH CORPORATION, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 17CV320-LAB (BGS)<br><br>**ORDER GRANTING MOTION TO DISMISS [Dkt. 54]** |

　　　Plaintiff Ariix, LLC ("Ariix") is a nutritional supplement company that brings this suit against its competitor, USANA Health Sciences, Inc. ("USANA"), as well as NutriSearch Corporation ("NutriSearch"), the publisher of the *NutriSearch Comparative Guide to Nutritional Supplements* ("*Guide*"), and Lyle MacWilliam, the *Guide*'s author. The *Guide* offers reviews of various companies' products, like those of both Ariix and USANA, and it is relied on by consumers and professionals, including independent sales representatives who make decisions based in part on ratings in the *Guide*. Ariix contends that NutriSearch and MacWilliam, despite widely promoting the *Guide* as using an objective rating system, were in fact directly funded by USANA so that it could achieve the *Guide*'s number-one rating.

　　　Ariix's Second Amended Complaint ("SAC") brings a Lanham Act claim

against Defendants under a false advertising theory. USANA now moves to dismiss the SAC for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. For the following reasons, the Court **GRANTS** USANA's Motion to Dismiss for lack of personal jurisdiction.

## I. MOTION TO DISMISS

A defendant may move to dismiss a complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Once a defendant moves to dismiss on this basis, it is the plaintiff's burden to establish that jurisdiction is proper. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). If there is no evidentiary hearing, the plaintiff need only make "a prima facie showing of the jurisdiction facts" through pleadings and affidavits. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001). Although "uncontroverted allegations in the complaint must be taken as true," and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor," *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002), "'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden," *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

A forum state's long-arm statute establishes the boundaries of a court's jurisdiction over non-residents. *Mavrix*, 647 F.3d at 1223. "California's long-arm statute, Cal. Civ. P. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Id*. To comport with due process, a court "may subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Jurisdiction can be either "general" or "specific." *Mavrix*, 647 F.3d at 1227.

The Court proceeds by assessing whether personal jurisdiction over USANA comports with federal due process requirements under either general or specific jurisdiction.

### A. General Jurisdiction

"For general jurisdiction to exist, a defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Id.* at 1223–24 (citations and internal quotation marks omitted). "The standard is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 318) (alterations in original).

Ariix doesn't assert that USANA, a Utah-based company, is subject to general jurisdiction, and it is evident from the facts alleged that USANA does not have contacts "so continuous and systematic as to render [it] essentially at home in [California]." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Ariix has not carried its burden to prove the Court has general jurisdiction over USANA.

### B. Specific Jurisdiction

A closer question here is whether the Court has specific jurisdiction over USANA. Specific jurisdiction exists where "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Ninth Circuit uses a three-part test to determine whether specific jurisdiction applies in a particular case:

> (1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail[ ] himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc.*, 303 F.3d at 1111) (alteration in original). The plaintiff bears the burden of satisfying the first two prongs. *Id.* "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

### 1. Purposeful Direction

A plaintiff may satisfy the first prong in the analysis by demonstrating that the defendant "purposefully directed" its conduct toward the forum state, or "purposefully availed" itself of the privilege of doing business in the forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Courts typically utilize the "purposefully directed" standard in tort cases, whereas the "purposeful availment" test is most useful for contract-based claims. *Id*. To establish the defendant "purposefully directed" its conduct toward the forum, the plaintiff usually produces "evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id*. at 803. Thus, the court applies "an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)). Derived from *Calder v. Jones*, 465 U.S. 783 (1984), the "effects test" "requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id*. (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)); *see also Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).

Ariix fails to satisfy the effects test. Under the first requirement, courts

"construe 'intent' in the context of the 'intentional act' test as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806. Ariix alleges that USANA sells its product worldwide—including to residents of California—through "independent sales representatives." (SAC ¶ 82(d)). It also alleges that the *Guide* "is marketed and sold throughout the United States and around the world," including in California, as an effort to promote the sale of its products in California. (*Id*. ¶¶ 3, 5). Because USANA acted intentionally in developing, promoting, and selling its products, the Court finds that Ariix has carried its burden to show an intentional act by USANA.

The Court next looks to whether USANA's intentional acts were "expressly aimed at the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). Express aiming "is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000); *see also Calder*, 465 U.S. at 788. However, simply placing a product into the stream of commerce does not constitute a purposeful act directed toward the forum state. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). Indeed, placing "a product into the stream of commerce"—even if the defendant is aware "that the stream of commerce may or will sweep the product into the forum state"—"does not convert the mere act of placing the product into the stream of commerce into an act" of purposeful availment. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007).

The crux of Ariix's allegations is that NutriSearch and MacWilliam, despite widely promoting the *Guide* as using an objective rating system, were in fact directly funded by USANA so that it could achieve the *Guide*'s number-one rating among numerous other nutritional supplement companies. (SAC ¶ 21). The SAC advances two theories as to why USANA is subject to personal jurisdiction in

California: (1) "by virtue of its efforts to promote sales of its products in California, including the sale and use of the [*Guide*] by USANA representatives in California"; and (2) "due to its agency relationship with NutriSearch and MacWilliam." (*Id*. ¶ 3).

As support for its first theory, Ariix alleges that USANA "sell[s] [its] supplement products throughout the United States through independent sales representatives," (SAC ¶ 82(d)), and that the *Guide* "is marketed and sold throughout the United States and around the world," (*id*. ¶ 82(a)), "including in California," (*id*. ¶ 5). Ariix emphasizes in its Opposition that USANA sales representatives, including "thousands of California-based associates," were actively encouraged to purchase and promote the *Guide* to help them sell USANA products. (Dkt. 59 at 6–8).[1] It argues that these constitute intentional acts that were purposedly directed at California.

But a finding of purposeful direction cannot "be based on the mere fact that [a company] provides services to customers nationwide, including but not limited to California." *Caces-Tiamson v. Equifax*, No. 20-CV-00387-EMC, 2020 WL 1322889, at *3 (N.D. Cal. Mar. 20, 2020). "'The placement of a product into the stream of commerce, without more, is not an act the defendant purposefully directed toward the forum state.'" *Id.* (quoting *Asahi Metal Indus. Co., Ltd.*, 480 U.S. at 112). Yet that is the essence of Ariix's allegations, which, even if relevant for a viable Lanham Act claim, don't explain how USANA's alleged activity was specifically targeted at California. Noticeably lacking from Ariix's complaint are any allegations about USANA's forum-specific conduct, such as, perhaps, any direct efforts to sell or advertise its products in California, tailor its products or

---

[1] The Opposition references USANA's alleged annual sales in California, and additionally states that USANA sales executives sell USANA products full-time, but these assertions are unsupported by the cited record or any supporting declaration or affidavit. (Dkt. 59 at 6). The Court, therefore, does not consider these allegations in its analysis.

advertisements specifically for California audiences, or instruct its sales representatives to focus on the California market. *See Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 112 (1987) ("Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State."); *Elliot v. Cessna Aircraft Co.*, No. 820CV00378SBADSX, 2021 WL 2153820, at *3 (C.D. Cal. May 25, 2021) (quoting *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020)) ("A defendant is required to do 'something more'—namely, the defendant must engage in 'conduct directly targeting the forum,' such as to display content or advertisements that 'appeal[ ] to, and profit[ ] from, an audience in a particular state.'") (alterations in original).

In response, USANA argues that worldwide distribution of its products, without any allegations that its efforts were directed in any way towards California, is insufficient to establish personal jurisdiction. (Dkt. 54 at 7–8). The Declaration of Michael King, attached in support of its Motion to Dismiss, confirms that nearly all 900 of USANA's U.S.-based employees are located in Utah, with only two of its employees located in California. (Dkt. 54-1 ¶ 6).[2] It also states that USANA independently contracts with sales representatives (or "Associates"), operating in all fifty states and across the world, to market and sell its products directly to consumers, and that USANA does not direct or control the manner in which these

---

[2] *See Payrovi v. LG Chem Am., Inc.*, 491 F. Supp. 3d 597, 602 (N.D. Cal. 2020) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)) ("The Court may consider evidence presented in affidavits and declarations in determining personal jurisdiction.").

independent contractors choose to sell the products. (*Id*. ¶¶ 8–9). USANA contends that it simply placed its products "into the stream of commerce" but did not take any actions aimed at California in particular or make any efforts to promote the *Guide* specifically among its California sales representatives. (*Id*. at 7–8 (citing *Asahi Metal Indus. Co.*, 480 U.S. at 112; *Walsh v. LG Chem Ltd.*, 834 F. App'x 310, 311–12 (9th Cir. 2020))). Accordingly, the Court finds that Ariix's first theory in support of a finding of personal jurisdiction is not enough to satisfy the express aiming requirement. *See Baton v. Ledger SAS*, No. 21-CV-02470-EMC, 2021 WL 5226315, at *9 (N.D. Cal. Nov. 9, 2021) ("Plaintiff's bare allegation that [Defendant] 'solicits customers in the United States and California,' . . . and evidence . . . that 7.03% of [Defendant]'s worldwide revenue comes from California, is not enough to establish [Defendant] 'anticipated, desired, and achieved a substantial' customer-base in California like the defendant in *Mavrix*[,] 647 F.3d at 1230. Nor does it demonstrate [Defendant]'s forum-specific focus on California, given that the market for its hardware products is global.") (alterations omitted); *Elliot*, 2021 WL 2153820, at *3 ("The question is not whether California consumers have purchased engines from Defendant generating significant revenue; rather, the question is whether Defendant specifically targeted California consumers. There is no indication that Defendant engages in any sort of advertising or marketing in California to accomplish its sales here.").

Ariix's second theory based on an agency relationship between Defendants is even more attenuated. It is well-established that the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). Nevertheless, and notwithstanding the uncertainty in the Ninth Circuit concerning whether an agency theory can even establish specific jurisdiction, such a theory would first "require[] a showing that the principal

maintained control over the agent's actions" such that the actions of the agent can be attributed to the principal. *Sivilli v. Wright Med. Tech., Inc.*, No. 18-CV-2162-AJB-JLB, 2019 WL 2579794, at *5 (S.D. Cal. June 24, 2019) (citing *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1024 (9th Cir. 2017)). Here, Ariix alleges that USANA provides consideration to NutriSearch and MacWilliam to give it a top rating in the *Guide*, namely by paying them "hundreds of thousands of dollars per year" and by promoting the *Guide* to its sales representatives. (SAC ¶¶ 26–27). But these allegations merely demonstrate that the parties may not have actually been independent from one another—not that USANA substantially controlled the activities of NutriSearch and MacWilliam or that they were agents of USANA. Because Ariix has failed to show that USANA exercises substantial control over NutriSearch and MacWilliam's activities, Ariix's agency theory fails to confer specific jurisdiction over USANA. *See Born v. Celtic Mktg. LLC*, No. 8:19-CV-01950-JLS-ADS, 2020 WL 3883273, at *4 (C.D. Cal. May 20, 2020) (rejecting agency theory for imputing forum contacts of agent to principal where the plaintiff failed to show "the principal's right of control" over the agent's activities); *AirWair Int'l Ltd. v. Pull & Bear Espana SA*, No. 19-CV-07641-SI, 2020 WL 2113833, at *4 (N.D. Cal. May 4, 2020) (same); *Delacruz v. Serv. Corp. Int'l*, No. 118CV00154LJOEPG, 2018 WL 2287962, at *7 (E.D. Cal. May 18, 2018) (same).

     Moreover, although the SAC states that USANA must be subject to jurisdiction because NutriSearch and MacWilliam have already consented to the jurisdiction of this Court, (SAC ¶ 3), the Opposition does not pursue this faulty line of argument. Instead, Ariix contends that personal jurisdiction may be established based on the alleged conspiracy between the Defendants, wherein "NutriSearch and MacWilliam agreed to help U[SANA] juice its sales through a sophisticated marketing ploy in exchange for money while cloaking themselves as objective and independent product reviewers." (Dkt. 59 at 19). However, not only is this theory for establishing jurisdiction tenuous in this Circuit, but, as Ariix concedes,

"substantial acts in furtherance of the conspiracy" must have been performed in the forum state, and "the co-conspirator knew or should have known that the acts would be performed in the forum state." (*Id.* at 18–19 (quoting *Underwager v. Channel 9 Austl.*, 69 F.3d 361, 364 (9th Cir. 1995)). As previously discussed, the Court finds Ariix's allegations lacking with respect to USANA's forum-related conduct, and Ariix may not rely on this theory of conspiracy to confer jurisdiction on USANA. *See In re Automobile Antitrust Cases I and II*, 135 Cal. App. 4th 100, 113, 37 Cal. Rptr. 3d 258 (2005) ("Allegations of a conspiracy do not establish as a matter of law that if one conspirator comes within the personal jurisdiction of our courts, then California may exercise jurisdiction over other non-resident defendants who are alleged to be part of that same conspiracy. Personal jurisdiction must be based on forum-related acts that were personally committed by each non-resident defendant.").

The Court finds that the second prong of the *Calder* effects test is not satisfied and Ariix has failed to make a prima facie showing of specific personal jurisdiction over USANA.

## 2. Arising Out of or Relating to Forum Activities

Even if Ariix had demonstrated that USANA purposefully directed its sale activities to California, it fails to satisfy the second prong of the specific jurisdiction analysis: the claims must "arise out of" USANA's forum-related activities. *See Morrill*, 873 F.3d at 1142. The Ninth Circuit applies a "but for" test to analyze this question. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013). Under this test, "a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action." *Id.* In other words, "[t]he plaintiff must show that *but for* the defendant['s] contacts with the forum state, the plaintiff's claims would not have arisen." *Rippey v. Smith*, 16 Fed. Appx. 596, 599 (9th Cir. 2001). In *Rippey*, the plaintiff filed an action for investment fraud in a California court against a British solicitors' firm. *Id.*

at 597. Plaintiff alleged that the defendants had sent a fraudulent opinion letter which prompted him to make a bad investment. *Id.* at 599. Under these facts, the court found that the plaintiff had successfully met the second prong of the test, given that the plaintiff's claim for investment fraud would not have arisen but for defendant's fraudulent conduct in the forum. *Id.*

The question in the present action is whether Ariix's claim would have arisen *but for* USANA's activity in California. *See id.* Ariix's Lanham Act claim is based on allegations that USANA financially influenced NutriSearch and MacWilliam to make false and misleading representations about USANA's products, despite claims that the *Guide* is not influenced by any manufacturer or product. Ariix contends that these "misstatements directly reduced Ariix's revenues by causing both consumers and professionals to select U[SANA] over Ariix." (SAC ¶ 85). Despite Ariix's assertions that it conducted over $5 million in sales in California in 2016, (Dkt. 59 at 9 n.3), there is no suggestion that Ariix's Lanham Act claim is inextricably tied to California, or that the claim would not have arisen but for USANA's conduct in California. Indeed, as previously discussed, there is hardly even mention in the SAC of USANA's alleged conduct in California. Ariix's argument is even more attenuated given its admission that the *Guide* is marketed and sold throughout the United States and worldwide, and both USANA and Ariix also sell their supplement products throughout the United States. (SAC ¶ 82). The SAC in no way ties the Lanham Act claim to California and instead directs the allegations to wrongful conduct affecting Ariix's nationwide sales.

The Court concludes that the first two prongs of the jurisdictional test are not met, and Ariix has failed to establish specific personal jurisdiction over USANA. The Court therefore doesn't reach the issue whether exercising jurisdiction over USANA in this District would be reasonable. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1011 (N.D. Cal. 2014) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990)) ("The plaintiff bears the burden of satisfying

the first two prongs, and if he or she fails to satisfy either, specific jurisdiction is not established.").

## II. REQUESTS TO SEEK DISCOVERY, AMEND, OR TRANSFER

The Court next turns to Ariix's alternative requests in its Opposition brief. First, having concluded that the Court lacks personal jurisdiction over USANA in this case, Ariix seeks leave to conduct jurisdictional discovery. (Dkt. 59 at 12–15). The decision whether to grant jurisdictional discovery is typically within the discretion of the district court. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). "[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *American West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). However, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co.*, 453 F.3d at 1160 (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).

In the present case, Ariix does not identify any factual dispute warranting discovery,[3] nor does there appear to be a reasonable likelihood that additional facts may be uncovered to support jurisdiction. Indeed, Ariix does not even state what information it hopes to uncover in discovery that would cure the deficiencies identified in this Order. Other than its bare suggestion that discovery is warranted here, Ariix fails to show discovery is likely to help cure these deficiencies. The Court **DENIES** the request. *See Frank Valli & The Four Seasons v. EMI, Music*

---

[3] The Court has considered the declaration attached in support of USANA's Motion to Dismiss, (Dkt. 54-1), as well as USANA's declaration filed in a separation action in the Eastern District of California and attached as Exhibit A to Ariix's Opposition brief, (Dkt. 59-1). The Court concludes that the statements contained therein are not contradictory, nor do they raise a factual dispute warranting jurisdictional discovery on the matter.

*Publ'g Ltd.*, No. CV 17-7831-MWF (JCx), 2018 WL 6136818, *8 (C.D. Cal. May 22, 2018) (denying jurisdictional discovery where the "evidence already before the court demonstrates" that personal jurisdiction does not exist).

In the alternative, Ariix requests that the Court grant it leave to amend its complaint to include additional facts related to Defendants' specific contacts with California. Ariix identifies six topics of information it would add in support of a finding of personal jurisdiction, but these topics mainly relate to Defendants generally, not USANA in particular, and none are suggestive of information that would establish personal jurisdiction over USANA. Nevertheless, the Court will grant Ariix the opportunity to file a motion for leave to amend its complaint by **April 1, 2022**. The motion must demonstrate that further amendment would not be futile and would cure the deficiencies identified herein. It is not to exceed five (5) pages and is to be filed in accordance with the Southern District's CivLR 15.1.

Finally, Ariix requests in its Opposition that, to the extent it cannot exercise personal jurisdiction over USANA in this District, the Court should sever the claim against USANA and transfer it to the District of Utah pursuant to Rules 20(b) and 21 of the Federal Rule of Civil Procedure and 28 U.S.C. §§ 1404, 1406, or 1631. Ariix cites the language in Sections 1404, 1406, and 1631, which permit the Court to transfer a case "in the interest of justice" if the Court finds that jurisdiction would be appropriate elsewhere. However, absent a showing that the interest of justice require transfer of the case, the Court has discretion to dismiss. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Beyond a conclusory statement otherwise, Ariix has not shown that the interest of justice requires it here. Its Opposition provides hardly any analysis or discussion about why severance and transfer of the claim against USANA is warranted. The Court therefore denies the request.

### III.   CONCLUSION

Because this Court doesn't have personal jurisdiction over USANA, USANA's Motion to Dismiss is **GRANTED** and Ariix's claims against USANA are

**DISMISSED WITHOUT PREJUDICE**. Ariix may file a motion for leave to amend its complaint by **April 1, 2022**.

     **IT IS SO ORDERED**.

Dated: March 21, 2022

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge